# UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF VIRGINIA ABINGDON DIVISION

Carson Whicker,

    Plaintiff,

v.

Dukes Logistics LLC

    Defendant,

6-13-25

1:25 CV 34

CLERK'S OFFICE U.S. DISTRICT COURT
AT ABINGDON, VA
FILED

JUN 13 2025

LAURA A. AUSTIN, CLERK
BY: /s/ K. Phillip Bull
DEPUTY CLERK

## COMPLAINT

COMES NOW Carson Whicker, and moves for judgment against Defendant Dukes Logistics LLC, and as grounds therefore states as follows:

### PARTIES

1. Carson Whicker is domiciled in Virginia. Carson Whicker performed labor for the benefit of, at the direction of, and under the supervision of, Dukes Logistics LLC in Bristol, Virginia location from approximately November 14 2023.

2. Dukes Logistics LLC is a Georgia limited liability company doing business in the Commonwealth of Virginia and elsewhere.

3. At all times relevant, Defendant has had 15 or more employees.

### JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter as it arises from the federal questions presented by the Americans with Disabilities Act, as codified under Title 42 U.S.C 12101, et seq and the ADA Amendments Act of 2008 ("ADAAA")

5. This Court also possesses supplemental jurisdiction pursuant to 28 U.S.C 1367(a), as the acts and / or omissions giving rise to Plaintiffs Virginia Human Rights Act, Virginia Code 2.2-3900, et al, claims arose from the same basis of operative facts and same controversies under the law. Pursuant to 28 U.S.C. 1367(a), these claims are so related to claims involving original jurisdiction that they form part of the same case or controversy.

6. Due to its contacts within the Commonwealth of Virginia, Defendant avails itself to the jurisdiction of this Court.

7. Venue is appropriate as the majority of the acts and or omissions of Defendant from which the causes of action arise occurred in Bristol, Virginia, which is within the Western District of Virginia, Abingdon Division. See 28 U.S.C 1391(b)(2).

8. Plaintiff timely filed a charge with the EEOC on 01/18/2025 and received a Dismissal and Notice of Right to Sue dated 03/16/2025, which is attached hereto as Exhibit A, and files this action within 90 days of receipt of that notice.

### BACKGROUND

While employed with Dukes Logistics LLC I was injured while working. I immediately notified my employer and was told it would be Workers Comp and was giving a list of doctors, which allowed me to choose a provider. My wife picked me up from work and I immediately went to one of the providers on the list. While sitting in the waiting room for the Provider to see me I started receiving calls and texts from my employer. While waiting on the provider, I called my employer back. Austin, my supervisor, stated he was calling to let me know that "they" meaning my bosses etc went back and had watched a video of me while loading the van. He stated that the video of me did not show that an injury had occurred. He stated he did not see how and when I was injured and that I

needed to call my other supervisor and explain. I told Austin that I had already explained what happened to two other supervisors and I didnt know what else to tell him. I had just gone over this information about the injury with them around an hour ago so I did not understand why I was getting calls and texts to call immediately. I then explained I was waiting to be evaluated by the provider and I would inform them of what the doctor said. From the very first day after the injury was reported I have been intimidated, ignored, not provided info that was relevant, retaliated against, and discriminated against as well as giving misleading information. Also I wasn't provided the medical care I needed in a timely fashion at crucial times due to my employers negligence and not communicating with me and or the doctor office. Since being injured several different incidents have occured over a period of several months.

## FACTS

9. I have had several different incidents happen to me as a result of my injury. The most recent incident occurred on 8/28/24. I was medically cleared to return to work. I advised my employer of this. I received a message stating "so we won't be able to have you work until after this court case on 9/24/24". I did not understand why my Workers Comp case had anything to do with me not being able to return to work. Especially since my employer and I had been staying in contact throughout my time off work and being advised once cleared I would be placed back on the schedule. I had been told multiple times I would be put back on the schedule to return once cleared. I even spoke to my employer on 6/25/24 which was the last time we spoke about me returning once being cleared. I had advised my employer that I was to be seen around 6 weeks for a followup with the provider. My employer stated during this time to let him know after I see the

provider and he would then put me back on the schedule once released. There were several different occasions that my employer informed me and led me to believe that once cleared I would be placed back on the schedule. On 07/31/24 my employer was served with a notice to appear before the court as to why they should not be fined per Virginia Code for failure to insure your liability for workers comp benefits as required in Virginia Code and for failure to timely file an employers accident report as required. This was the only change that occurred between 6/25/24 to 8/28/24 that I am aware of. Prior to this I was always supposed to return to work per multiple conversations with my employer. I believe that all changed once my employer received the judicial letter. I believe I was discriminated against due to my disability as well as retaliation. After being fully medically cleared to return to work however my employer informed me I could not do so.

The above described acts by the defendant and employees of the defendant constitute disability discrimination in violation of the Americans with Disabilities Act, As well as Retaliation in Violation of the ADAAA, The Defendant also interfered and was in violation of my rights. At all times relevant I could perform essential functions of job with or without an accommodation, As a direct and proximate result of my employers actions I have suffered and will continue to suffer pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses. At all times material hereto, Defendant engaged in unlawful or discriminatory practices with malice or reckless indifference to the federally protected rights of myself so as to support and award of punitive damages. The above described acts by Defendant and their employees constitute failure to accommodate in violation of the Americans

with Disabilities Act, as codified under Title 42 U.S.C 12101, et seq, and the ADA Amendments Act of 2008.

10. After being injured I communicated with my employer to keep them informed and sent all medical documentation in a timely fashion. For some reason my employer made things very difficult for me once this injury was reported. I needed an MRI scheduled to get answers to what damage had been done. Again the injury was on 1/30/24 and I was not able to get anywhere with my employer until at least 3/5/24 due to my employer ignoring calls and emails from the provider and myself. Due to my employer's negligence my care was delayed. Not only did my employer make things difficult by the example stated above there are several other incidents which were in violation of my rights. The provider put me on light duty restrictions and I informed my employer I could still work but under the restrictions. I was informed by my employer there was no such thing as light duty work.. I was advised that once I was cleared I would however be put back to work.

11. On 03/26/24 I received a message from my employer questioning my injury from January, after I had been providing all medical documentation up to date. In fact this same day was when I was seen by the provider because I was having a lot of pain and discomfort. I was originally going to try and work because after being told there was no such job available I had received a call from my employer stating I could come work "Dispatch" two to three days a week taking calls, filing paperwork, moving vans if needed.and folding uniforms, nothing too strenuous.. But I was still having a lot of problems with my wrist so I was seen this day by the provider instead. I was actually taking out of work completely this visit until I was to have a followup appt with the hand specialist in April. I let my employer know what the provider stated and sent all medical documentation over. This is when I

was questioned by my employer stating "you said you hurt your hand moving a tote"? " I'm just wondering how much damage can come from moving some totes around". My employer had ample documentation from my doctors regarding my injury all the way up to this point. I felt attacked for being injured and I felt my employer was retaliating against me for the provider actually taking me out of work for my disability instead of being on restrictions. To clarify I was taking out of work on 3/26/24 until I was to had a followup visit with the hand specialist in April.

12. On 04/02/24 I received a message from my employer stating "hey bud doctors sent me a work release so you can come and work in the office you still want to"? I was confused about what was going on because I was just seen by the provider on 03/26/24 and was taking completely out of work until I was to see a hand specialist on 04/16/24. Also I had just had this conversation with my employer as well and had sent all medical documentation with it a few days prior. I explained to my employer that there must have been a mistake. He stated there was no mistake and if I didn't want to work he would let the boss Willie know. I tried explaining to my employer that something wasn't correct and I would reach out to the doctor's office and get back in touch with him once I had clarity. That is when my employer then stated he had called my doctors office on 04/01/24 and ultimately had me released. He stated he had me released on a 10 pound restriction. I explained that I would have to follow up with the provider and get back in touch with him. My wife took me back to the doctors office so I could find out exactly what was going on because I had no idea what was correct after my employer reached out. The doctor's office sat me and my wife down and explained that they violated Hipaa by speaking to my employer and getting me released when I was actually taking out of work a couple days prior until I was supposed to see the hand specialist in mid April. The doctor's office informed me

that my employer had given the impression that I was aware and wanted to be released. However I was unaware that he had called until 04/02/24 when he messaged me. The doctor's office made sure that the restrictions remained the same and sent info to my employer.

13. After seeing the hand specialist and giving restrictions I did return on light duty. I had a followup appt and the provider asked me what tasks I was doing and I went over each task I was performing. At which time he informed me that he did not want me to do two of the tasks that I had mentioned. The doctor wanted me to avoid repetitive motion, pulling, pushing, twisting etc of left extremity. So I was told not to sweep or clean the vans but I could still work and do the other tasks that my employer had originally offered. However when I advised my employer of what the doctor had stated I was told there was no other work that I could do. If I could not clean the vans that was all the work he had for me to do. I was ready and willing to continue working and performing the other tasks that had been discussed previously and that I was doing up until this point.

14. Another issue is surrounding my medical coverage. I had asked my employer on several different occasions while being out of work for Workers Comp about my medical benefits and questions about my premium and what to expect. I would text, call and leave emails asking these questions but to this day still do not have an answer. I do know after researching that my employer kept my medical insurance active. I was even sent an email in Jan 2025. It stated that my employer was changing medical insurance and I needed to pick the new plan which was to start on 2/1/25. I signed up for the new coverage before the deadline and received confirmation of this. Since my employer would not allow me to return to work I had to look for employment outside of Dukes even though I

was still employed with them. During that time I was now working with Kwik Kafe as a helper. I was having an unrelated medical issue in which I needed to be evaluated by a provider. When I called the insurance company they advised me that I was not coming up in their system at all. I reached out to my employer and I was informed that they forgot to file my new insurance but would look into it and get it fixed. This was not done in a timely fashion and ultimately I lost my new job due to Duke's negligence. By the time my employer Dukes got it straightened out my new employer couldn't hold my position any longer and Dukes cost me my new job as well. I was forced to resign due to the Defendants actions.

Due to facts stated above Defendant was in violation of The Virginia Human Rights Act. I was Discriminated against in violation of this act as well as Retaliation and Failure to Accommodate. The Defendant violated state law when it retaliated against me by terminating employment on the basis of complaints of Disability Discrimination in violation of The Virginia Human Rights Act. Pursuant to Virginia Code 2.2-3905(b), "It is an unlawful discriminatory practice for: An employer to discriminate against any employee… because such individual has opposed any practice made an unlawful discriminatory practice by this chapter". Pursuant to Virginia Code 2.2-3905.1, "It shall be an unlawful employment practice for an employer to: 1. Refuse to make reasonable accommodation to the known physical and mental impairments of an otherwise qualified person with a disability, if necessary to assist such person in performing a particular job, unless the employer can demonstrate that the accommodation would impose an undue hardship upon the employer. 2. Take adverse action against an employee who requests reasonable accommodation pursuant to this section. 3. Failed to engage in a timely, good faith interactive process with an employee who has

requested an accommodation pursuant to this section to determine if the requested accommodation is reasonable and, if such accommodation is determined not to be reasonable, discuss alternative accommodations that may be provided." As stated above I revealed disabilities to my supervisors and requested reasonable accommodations. This request could have been accommodated without undue hardship to Defendant. The Defendant took further adverse action against myself by not permitting my return to work and ultimately terminating my employment. As a result I have suffered and will continue to suffer loss, damages, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non pecuniary loss. The Defendant engaged in unlawful or discriminatory practices with malice or reckless indifference to the protected rights of myself so as to support an award of punitive damages.

Pursuant to Virginia Code 2.2-3908, "the court or jury may award to the plaintiff, as the prevailing party, compensatory and punitive damages and the court may award reasonable attorney fees and costs and may grant as relief any permanent or temporary injunction, temporary restraining order, or other order, including an order enjoining the defendant from engaging in such practice, or order such affirmative action as may be appropriate".

The Defendant Retaliation in Violation of Virginia Code 65.2-308.

Plaintiff incorporates by reference herein the proceeding paragraphs of this Complaint.

Pursuant to Virginia Code 64.2-308, No employer or person shall discharge an Employee solely because the employee intends to file or has filed a claim under This title or has testified or is about to testify in any proceeding under this title". The Defendant violated state law when it retaliated against me by terminating my

Employment because I intended to file or had filed a claim under this title.

As a direct and proximate result of the Defendants actions, I have suffered as

Stated above and continue to suffer by the Defendants actions.

Wherefore, I Carson Whicker prays for judgment against the Defendant Dukes

Logistics LLC, jointly and severally, and for relief, injunctive relief, lost wages and

Benefits, reinstatement or front wages and benefits compensatory damages,

Liquidated damages, punitive damages, together with prejudgment interest, costs

And attorney fees and such other further relief as may be just..

Trial by Jury Demanded

Respectfully submitted,

Carson Whicker